UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>6824 Lexington Avenue<br>Los Angeles, CA 90038,<br><br>and<br><br>BUZZFEED, INC.,<br>111 E. 18th St.<br>New York, NY 10003,<br><br>      PLAINTIFFS<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>      DEFENDANT | Judge _____<br>Civil Action No. _____ |

## COMPLAINT

### THE PARTIES

1. Plaintiff Jason Leopold is a Senior Investigative Reporter for BuzzFeed News covering a wide range of issues.

2. Plaintiff BuzzFeed, Inc. (BuzzFeed) is a social news and entertainment company.

3. Defendant Department of Justice (DOJ) is an agency of the United States.

4. The Office of the Attorney General (AG), Office of the Deputy Attorney General (DAG), Public Affairs Office, (PAO), Office of the Associate Attorney General (ASG), National Security Division (NSD), and Office of Legislative Affairs (OLA) are components of Defendant DOJ.

5. DOJ has possession, custody and control of the records Plaintiffs seek.

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

**The First Requests**

9. On July 7, 2017, Plaintiffs submitted identical FOIA requests to AG, DAG, PAO, ASG, and OLA via the DOJ's online FOIA portal. The requests sought:

   (1) Any and all records mentioning, referring to and memorializing internal discussions about the list of 152 news articles attached to the request;

   (2) Any and all crimes reports drafted/prepared by DOJ NSD mentioning or referring to the list of news articles;

   (3) Any and all media leaks questionnaires in possession of DOJ NSD mentioning or referring to the listed news articles;

   (4) Any and all documents memorializing correspondence between the named reporters who authored the listed news articles and/or their editors;

   (5) Any and all directives, memos, and announcements to the DOJ workforce issued in 2017 mentioning or referring to leaks, insider threats, disclosure of classified information and any of the listed news articles;

   (6) Any and all correspondence between the DOJ and individual members of Congress and/or Congressional committees mentioning or referring to media

leaks, leaks, in 2017 as well as any correspondence mentioning or referring to the listed news articles.

10. Attached to Plaintiffs' FOIA request was a list of 152 news articles.

11. The request indicated Plaintiff Jason Leopold's affiliation as Senior Investigative Reporter for Plaintiff BuzzFeed News, BuzzFeed's news division.

12. The request sought a waiver of fees and status as a representative of the news media for fee purposes.

13. The request also sought expedited processing.

The Response as to Portions (1)-(5)

14. In a letter dated July 19, 2017, DOJ acknowledged receipt of Plaintiffs' FOIA requests and assigned separate tracking numbers for each office that was being tasked with conducting a search. The following tracking numbers were assigned: DOJ-2017-005124 (AG); DOJ-2017-005125 (DAG); DOJ-2017-005126 (OLA); DOJ-2017-005127 (PAO); DOJ-2017-005128 (ASG).

15. The July 19, 2017 letter also asserted a Glomar response pursuant to Exemption 1 with respect to portions (1)-(4) and part of (5) of the requests.

16. As to the remainder of portion (5) of the requests, a search of the Executive Secretariat, which contains records of OAG, DAG, and ASG, was conducted, but located no responsive records.

17. The letter further indicated that to the extent that the requests sought expedited processing based on an urgency to inform the public about actual or alleged federal government activity, DOJ was denying Plaintiffs' requests for expedited processing.

18. The letter further indicated that to the extent the requests sought expedited processing based on a claim that the requests involved a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence, DOJ was referring the requests to the Director of Public Affairs.

19. The letter further indicated that no decision had been made on the request for a fee waiver.

20. In a letter dated July 20, 2017, Plaintiffs administratively appealed the decisions in DOJ-2017-005124 (AG), DOJ-2017-005125 (DAG), DOJ-2017-005126 (OLA), DOJ-2017-005127 (PAO), and DOJ-2017-005128 (ASG).

21. DOJ assigned the appeal tracking number DOJ-AP-2017-005487.

22. Although 20 business days have elapsed since July 20, 2017, Plaintiffs have not received a determination with respect to the appeal.

23. Plaintiffs have also received no response as to whether the Director of Public Affairs is granting the requests for expedited processing.

The Response as to Portion (6)

24. The July 19, 2017 letter from DOJ indicated that as to portion (6) of the request, DOJ referred the request to OLA.

25. In a letter dated August 22, 2017, OLA granted the request for expedited processing, but also asserted a 10 business day extension due to unusual circumstances.

26. Although 30 business days have elapsed since July 7, 2017, Plaintiffs have not received a final determination from OLA as to portion (6) of the request.

**The Second Request**

27. On July 7, 2017, Plaintiffs submitted a FOIA request to NSD via email. The request sought:

> (1) Any and all records mentioning, referring to and memorializing internal discussions about the list of 152 news articles attached to the request;
>
> (2) Any and all crimes reports drafted/prepared by DOJ NSD mentioning or referring to the list of news articles;
>
> (3) Any and all media leaks questionnaires in possession of DOJ NSD mentioning or referring to the listed news articles;
>
> (4) Any and all documents memorializing correspondence between the named reporters who authored the listed news articles and/or their editors; and
>
> (5) Any and all directives, memos, and announcements to the DOJ workforce issued in 2017 mentioning or referring to leaks, insider threats, disclosure of classified information and any of the listed news articles

28. Attached to Plaintiffs' FOIA request was a list of 152 news articles.

29. The request indicated Plaintiff Jason Leopold's affiliation as Senior Investigative Reporter for Plaintiff BuzzFeed News, BuzzFeed's news division.

30. The request sought a waiver of fees and status as a representative of the news media for fee purposes.

31. The request also sought expedited processing.

32. In an email dated July 27, 2017, DOJ NSD acknowledged receipt of Plaintiffs' FOIA request on July 7, 2017 and assigned it tracking number FOIA/PA #17-228.

33. Although 20 business days have elapsed since July 7, 2017, Plaintiffs have not received a final determination from NSD as to the request.

## COUNT I:
## VIOLATION OF FOIA ON THE FIRST REQUESTS

34. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

35. Plaintiffs are deemed to have exhausted their administrative remedies with respect to DOJ-2017-005124 (AG), DOJ-2017-005125 (DAG), DOJ-2017-005126 (OLA), DOJ-2017-005127 (PAO), and DOJ-2017-005128 (ASG) because over 20 business days have elapsed without a final determination as to Plaintiffs' administrative appeal, DOJ-AP-2017-005487.

36. Plaintiffs are deemed to have exhausted their administrative remedies with respect to DOJ-2017-005126 (OLA) as to portion (6) of the request because over 30 business days have elapsed without a final determination as to whether DOJ will comply with the request..

37. DOJ violated FOIA by improperly withholding responsive non-exempt records and by failing to grant or even rule on the request for a fee waiver and fee status as a representative of the media.

## COUNT II:
## VIOLATION OF FOIA ON THE SECOND REQUEST

38. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

39. Plaintiffs are deemed to have exhausted their administrative remedies with respect to NSD 17-228 because over 20 business days have elapsed without a final determination as to whether DOJ will comply with the request.

40. DOJ violated FOIA by improperly withholding responsive non-exempt records and by failing to grant or even rule on the request for a fee waiver and fee status as a representative of the media.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to grant Plaintiffs' requests for expedited processing (except as to OLA, which has already granted expedited processing);

(3) Enjoin Defendant from continuing to improperly withhold non-exempt responsive records;

(4) Order Defendant to grant the request for a fee waiver and for fee status as a representative of the news media;

(5) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(6) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

\_\_/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*